UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  07-22396-CIV-MORENO

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

vs.

JOERG HEIRLE, an individual; and INH-INTERHOLDING SA, a Swiss corporation, and FUTURES TRADING ACADEMY, INC., a Florida corporation,

    Defendants.
_____/

## PRELIMINARY INJUNCTION ORDER

This matter came on for hearing on January 8, 2008 on the Motion of Plaintiff U.S. Commodity Futures Trading Commission (the "Commission" or "Plaintiff") for a: (1) Statutory Restraining Order; (2) Order Permitting Immediate, Expedited Discovery; and (3) Order to Show Cause re: Preliminary Injunction (the "Application").  Defendants did not appear at the January 8, 2008 hearing.  The Court, having considered the Commission's Complaint, Motion, Memorandum of Points and Authorities, Exhibits, other materials, all other evidence presented by Plaintiff filed herein, finds that:

    1.    This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act") 7 U.S.C. § 13a-1 (2002).

    2.    Venue lies properly within this District pursuant to Sections 6c(e) of the Act, 7 U.S.C.

§ 13a-1(e) (2002). There is good cause to believe that the Defendants have engaged, are engaging and/or are about to engage in acts and practices constituting violations of the Act, 7 U.S.C. §§ 1, et seq. (2002).

3.  There is good cause to believe that Defendants have engaged in, are engaging in, or are about to engage in a fraud in violation of Sections 4b(a)(2)(i)-(iii), 4c(b), 4k(2), 4m(1) and 4o(1) of the CEA, 7 U.S.C. §§ 6b(a)(2)(i)-(iii), 6c(b), 6k(2), 6m(1) and 6o(1) (2002), and Regulations 4.20(a)(1) and (b), 4.21, 4.22 and 33.10, 17 C.F.R. §§ 4.20(a)(1) and (b), 4.21, 4.22 and 33.10 (2007), and from engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act.

4.  There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for investors in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets or records unless Defendants are immediately restrained and enjoined by Order of this Court.

5.  Good cause exists for the freezing of assets, held in the name of, or under the control or management of Defendants, and Relief Defendant, in order to assure payment of restitution and disgorgement as authorized and for the benefit of pool participants

6.  Good cause exists for entry of an order prohibiting Defendants from destroying records and denying agents of the Commission access to inspect and copy records.

7.  Good cause exists to permit discovery before the early meeting of counsel pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, in order to ascertain the existence and location of assets and identify all pool participants and other investors.

8.  Good cause exists to require an accounting to determine the location and disposition

of pool participants' funds.

9. Good cause exists to order repatriation of Defendants' and Relief Defendant's assets to assure payment of restitution and disgorgement as authorized and for the benefit of pool participants.

10. Pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure, immediate depositions are consistent with the principles of Rule 26(b)(2) of the Federal Rules of Civil Procedure.

11. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

12. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

13. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

14. "Defendants" means Jeorg Heierle ("Heierle"), INH – Interholding SA ("INH") and "Relief Defendant" means Futures Trading Academy, Inc. ("FTA") and for all parties includes any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any or all of the Defendants and Relief Defendant, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants or Relief Defendant.

## II.  RELIEF GRANTED

**ORDER AGAINST TRANSFER, DISSIPATION, AND DISPOSAL OF ASSETS**

**IT IS HEREBY ORDERED** that

15. Defendants and Relief Defendant are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including those held in the name of Defendants and Relief Defendant, wherever located, including assets held outside the United States, except as provided in Paragraph III of this Order, or as otherwise ordered by the Court.  The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

16. Defendants and Relief Defendant, and their agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this Order by personal service except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including those held in the name of Defendants and Relief Defendant, wherever located, including

assets held outside the United States, except as provided in Paragraph III of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

17. Defendants and Relief Defendant are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name or subject to access by the Defendants and Relief Defendant.

### III.  DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset of the Defendants and Relief Defendant, or has held, controlled, or maintained custody of any account or asset of the Defendant at any time since January 1. 2001, shall:

18. Prohibit Defendants and Relief Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

19. Deny Defendants and Relief Defendant and all other persons access to any safe deposit box that is: (a) titled in the name of the Defendants and Relief Defendant either individually or jointly; or (b) otherwise subject to access by the Defendants and Relief Defendant;

20. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants and Relief Defendant, or held on behalf of, or for the benefit, of the Defendants and Relief Defendant: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day

on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants and Relief Defendant or is otherwise subject to access by the Defendants and Relief Defendant; and

21. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV.   ACCOUNTING AND TRANSFER OF FUNDS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, Defendants and Relief Defendant shall:

22. Provide the Commission with a full accounting of all funds, documents, and assets, including those outside of the United States, that are held by them, for their benefit, or under their direct or indirect control, whether jointly or singly;

23. Transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are held by them, for their benefit, or under their direct or indirect control, whether jointly or singly; and

24. Provide the Commission access to all records of the Defendants and Relief Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

## V. MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that:

25. Defendants and Relief Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Defendants and Relief Defendant.

## VI. INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that:

26. Representatives of the Commission be immediately allowed to inspect the books, records, and other documents of the Defendants and Relief Defendant and his agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are on the person of the Defendants and Relief Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated; and

27. Defendants and Relief Defendant and their agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of the

Defendants and Relief Defendant, wherever such books and records may be situated.

## VI.   BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

28. Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

## VII.   ORDER PERMITTING EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

29. The prohibition upon discovery before the early meeting of counsel is removed pursuant to Rule 26(d) of the Federal Rules of Civil Procedure.

30. The prohibition upon the immediate commencement of depositions is removed pursuant to Rule 30(a)(2)(C) of the Federal Rules of Civil Procedure.

31. The parties may proceed to take the oral deposition of any person upon three calendar days actual notice if the notice is served upon the parties personally or by telecopier to the party's last known business telecopier number.

32. The parties may take the deposition of any person for the purpose of discovering the nature, location, status and extent of assets of the Defendants and Relief Defendant and the location of any documents reflecting those assets.

## VIII.   SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

33. This Order shall be served on Defendants and Relief Defendant by personal service consistent with Federal Rule of Civil Procedure Rule 4(e). All subsequent pleadings, correspondence, notices required by this Order, and other materials shall be served consistent with

Federal Rule of Civil Procedure Rule 4.

## IX.   FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of March, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record